IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michel Andre Dukes, Sr., *also known as* Michael A. Dukes, *also known as* Michael Andre Dukes, | ) ) ) ) | C/A No.  4:14-4889-DCN-PJG |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **REPORT AND RECOMMENDATION** |
| J. Gregory Hembree, *Solicitor Fifteenth Judicial Circuit, both in his official and individual capacities*; George H. Debusk, Jr., *Senior Solicitor, State of SC Office of the Solicitor Fifteenth Judicial Circuit, both in his official and individual capacities*; James E. Brown, *North Myrtle Beach Police Department, both in the official and individual capacities*, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

The plaintiff, Michel Andre Dukes, Sr. ("Plaintiff"), a self-represented state prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983.  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC.  Plaintiff is an inmate at Evans Correctional Institution and files this action *in forma pauperis* under 28 U.S.C. § 1915.  Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

I.    **Factual and Procedural Background**

The Complaint alleges that Plaintiff was illegally arrested by Defendant Brown on September 12, 2003 resulting in Plaintiff's false imprisonment.  (ECF No. 1 at 3.)  Plaintiff further alleges that Defendant Hembree "erroneously" secured an indictment against Plaintiff on November 20, 2003

PJG

and Defendant Debusk acted as the prosecuting attorney during Plaintiff's trial in August of 2005.

(Id.)  Plaintiff asks this court to vacate his conviction and sentence and release him from custody.[1]

(Id. at 4.)

## II.      Discussion

### A.      Standard of Review

Under established local procedure in this judicial district, a careful review has been made of

the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A,

and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This

review has been conducted in light of the following precedents:  Denton v. Hernandez, 504 U.S. 25

(1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972);

Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville,

712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent

litigant to commence an action in federal court without prepaying the administrative costs of

proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows

a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief

may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is

---

[1] Habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  The court notes that Plaintiff has already unsuccessfully challenged the conviction associated with his September 2003 arrest via a habeas petition.  See Dukes v. Padula, C/A No. 0:11-819-JFA (D.S.C. Apr. 6, 2011) (finding claims procedurally defaulted and granting summary judgment to the Respondent on Jan. 4, 2012).



immune from such relief."[2]  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte.  See Neitzke, 490 U.S. at 327; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993),

---

[2]  Screening pursuant to § 1915A is subject to this standard as well.



or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.    Analysis**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  To state a claim under § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

**1.    Prosecutorial Immunity—Hembree and Debusk**

Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trials, bond hearings, bail hearings, grand jury proceedings, and pre-trial motions hearings.  See Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Dababnah v. Keller-Burnside, 208 F.3d  467 (4th Cir. 2000).  Thus, the Complaint's claims against Defendant Hembree for securing an indictment against Plaintiff, and claims against Defendant Debusk for prosecuting Plaintiff's state criminal case at trial, are barred from suit under § 1983.  Accordingly, these defendants are entitled to summary dismissal from this case.

**2.    False Arrest—Brown**

To establish a § 1983 claim for false arrest or imprisonment, a plaintiff must show that the seizure was effected without probable cause.  See Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002); Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir. 2001); Brooks v. City of Winston-Salem, 85 F.3d 178, 183 (4th Cir. 1996).  Thus, there is no § 1983 claim for false arrest unless the officer



lacked probable cause.  See Street v. Surdyka, 492 F.2d 368, 372-73 (4th Cir. 1974).  Moreover, an

arrest made pursuant to a facially valid warrant will not support a claim for false arrest under the

Fourth Amendment.  See Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998).  To demonstrate that

an officer seized an individual pursuant to an arrest warrant without probable cause, a plaintiff must

show that the officer "deliberately or with a reckless disregard for the truth made material false

statements in his affidavit or omitted from that affidavit material facts with the intent to make, or

with reckless disregard of whether they thereby made, the affidavit misleading."  Miller v. Prince

George's Cnty., 475 F.3d 621, 627 (4th Cir. 2007) (internal citations and quotation marks omitted).

In the instant Complaint, Plaintiff makes the conclusory assertion that he was illegally

arrested by Defendant Brown.  However, Plaintiff  provides no factual allegations to demonstrate

that he was arrested without a warrant, or arrested pursuant to a facially invalid warrant.  While the

court must liberally construe a *pro se* complaint, the United States Supreme Court has made clear

that a plaintiff must do more than make conclusory statements to state a claim.  Ashcroft v. Iqbal,

556 U.S. 662, 678-79 (2009).  Moreover, the reviewing court need only accept as true the

complaint's factual allegations, not its legal conclusions.  Id.  Accordingly, Plaintiff fails to state a

cognizable false arrest claim against Defendant Brown.

Additionally, the Supreme Court has held that a prisoner's claim for damages is not

cognizable under § 1983 where success of the action would implicitly question the validity of the

conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or

sentence has been previously invalidated.  See Heck v. Humphrey, 512 U.S. 477, 487 (1994).  In this

case, a favorable determination on the merits of Plaintiff's false arrest claim would require a finding

that Defendant Brown lacked probable cause for the arrest resulting in Plaintiff's criminal trial and

PJG

conviction.    As Plaintiff provides no facts to demonstrate that he successfully challenged this

conviction, any claim for monetary damages asserted by Plaintiff is likewise subject to summary

dismissal.

### III.    Conclusion

Accordingly, the court recommends that the Complaint be summarily dismissed without

prejudice and without issuance and service of process.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 30, 2015
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).